**Susan B. CASTNER, Plaintiff–Appellant,**

v.

**COLORADO SPRINGS CABLEVISION,
Defendant–Appellee.**

**No. 91–1435.**

United States Court of Appeals,
Tenth Circuit.

Nov. 17, 1992.

1418

 

Susan B. Castner, pro se.

Richard L. Nagl and Susan D. Campbell of Holme, Roberts & Owen, Colorado Springs, Colo., for defendant-appellee.

Before LOGAN, EBEL, and KELLY, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff-appellant Susan B. Castner appeals the district court's denial of her motion for appointed counsel and dismissal of her employment discrimination action for lack of prosecution. Because it is not clear whether the district court considered the appropriate factors in exercising its discretion not to appoint counsel, and because Ms. Castner's failure to prosecute was clearly related to her lack of counsel, we vacate the order of dismissal and remand this case for further consideration of Ms. Castner's motion for appointment of counsel in light of the guidelines we adopt today.[1]

## I. *Facts*

Ms. Castner filed a charge with the Equal Employment Opportunity Commission (EEOC) against her former employer, Colorado Springs Cablevision (Cablevision), alleging violations of both Title VII and the Equal Pay Act. After investigation, the EEOC dismissed the charges, finding that the evidence did not establish a violation of the statutes. Ms. Castner was granted the right to bring a private action against her former employer.

Ms. Castner brought a Title VII action against Cablevision in the United States District Court for the District of Colorado, claiming that she was subjected to illegal gender discrimination and retaliation. Specifically, Ms. Castner claimed that she was paid $10,000 less than her male predecessor while performing substantially the same duties and that upon filing a discrimination

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

charge with the EEOC, she was subjected to a pattern of harassment and retaliation so intense that she was forced to leave her job.

When she filed the complaint, Ms. Castner·was unemployed, had no savings, and resided in Oregon. She had contacted several attorneys who declined to represent her for a variety of reasons. Castner therefore applied to the court for leave to file in forma pauperis and for appointment of counsel, pursuant to § 42 U.S.C. 2000(e)–5 and 28 U.S.C. § 1915(d). The district court granted Plaintiff's application to proceed in forma pauperis but denied her motion for appointment of counsel.

A week later, Ms. Castner wrote to the district court asking· for appointment of counsel and setting out her reasons, including her financial inability, absence from the forum state, unfamiliarity with the law, and her inability to obtain Colorado counsel on a contingency fee basis. The district court denied Castner's motion, stating, "A plaintiff is not entitled to court-appointed counsel in a civil action." R. Vol. I, Doc. 5.

A scheduling conference was set for October 29, 1991. In response, Ms. Castner filed a motion for a ninety-day extension to obtain legal counsel and, simultaneously, a ·motion for reconsideration of the court's ruling denying appointed counsel. There, she reiterated her financial inability and set out her efforts to secure representation from ten different attorneys. Castner represented that these lawyers agreed she had a meritorious claim but were unwilling to take the case because of the costs involved or because they were too busy. Ms. Castner's motions were denied.

On October 22, 1991, Ms. Castner made a final attempt to obtain appointed counsel via letter, in which she also informed the court that she was unable to pay for a flight to Denver for the discovery and scheduling conference. On October 29, 1991, Ms. Castner did not appear at the conference. The district court issued an order to show cause, requiring her to demonstrate why the case should not be dis-

missed for failure to prosecute. Ms. Castner's response set forth her inability to proceed without counsel or to make multiple trips between Oregon and Colorado, and stated that she would be able to meet these responsibilities if represented by local counsel. The court dismissed the case holding that Ms. Castner had· failed to show good cause for her failure to prosecute. The court again addressed Ms. Castner's persistent request for an appointed attorney and observed that this was "a civil case and plaintiff simply has no right to prosecute her claim at government expense." R. Vol. I, Doc. 21.

## II. *Discussion*

■ A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel. *Poindexter v. FBI,* 737 F.2d 1173, 1179 (D.C.Cir.1984); *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 269 (9th Cir.1982). Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e–5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." [2]

■ The discretion granted to the district court is extremely broad. To guide such discretion, several circuits have identified three factors to be considered when evaluating motions for appointment of counsel in Title VII cases: (1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case. *Gadson v. Concord Hosp.,* 966 F.2d 32, 35 (1st Cir.1992); *Gonzalez v. Carlin,* 907 F.2d 573, 580 (5th Cir.1990); *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir.) (en banc), *cert. denied,* 474 U.S. 1036, 106

---

**2.** This provision must be distinguished from the more general authorization found in 28 U.S.C.

§ 1915(d), which allows courts to request counsel to represent indigent civil litigants.

S.Ct. 604, 88 L.Ed.2d 582 (1985); *Slaughter v. City of Maplewood,* 731 F.2d 587, 590 (8th Cir.1984); *Jones v. WFYR Radio/RKO Gen.,* 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds, Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981); *Bradshaw v. Zoological Soc'y,* 662 F.2d 1301, 1318 (9th Cir. 1981).

Other jurisdictions have identified, as a fourth factor, the plaintiff's capacity to prepare and present the case without the aid of counsel. *Poindexter v. FBI,* 737 F.2d at 1185; *Jenkins v. Chemical Bank,* 721 F.2d 876, 880 (2d Cir.1983); *Hudak v. Curators of Univ. of Mo.,* 586 F.2d 105, 106 (8th Cir.1978), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); *see also Hunter v. Department of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir.1988); *Spanos v. Penn Cent. Transp. Co.,* 470 F.2d 806, 807–08 (3d Cir.1972) (district court ruled that petition would be proper "[when] it appears that the petitioner has presented a meritorious claim which he cannot adequately pursue pro se").

▪ We believe that all four of the factors identified above are relevant to the inquiry whether to appoint counsel for a civil litigant in a Title VII action. Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination. The fourth factor—the plaintiff's capacity to present the case without counsel—should be considered in close cases as an aid in exercising discretion. Before discussing these factors in detail, we offer several general observations as guidance to the district courts.

▪ The decision whether to appoint counsel requires accommodation of two competing considerations. First, the court must consider Congress's "special ... concern with legal representation in Title VII actions." *Jenkins,* 721 F.2d at 879. In enacting the attorney appointment provision in the Civil Rights Act of 1964 and later reaffirming the importance of that provision in the legislative history of the Equal Employment Opportunity Act of 1972, Congress demonstrated its awareness that Title VII claimants might not be able to take advantage of the federal remedy without appointed counsel. As explained in House Report No. 92–238:

> By including this provision in the bill, the committee emphasizes that the nature of Title VII actions more often than not pits parties of unequal strength and resources against each other. The complainant, who is usually a member of a disadvantaged class, is opposed by an employer who not infrequently is one of the nations's major producers, and who has at his disposal a vast array of resources and legal talent.

H.R.Rep. No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.C.C.A.N. 2137, 2148. The court, therefore, must give "serious consideration" to a plaintiff's request for appointed counsel in a Title VII action. *Jenkins,* 721 F.2d at 879; *see also Poindexter,* 737 F.2d at 1183 ("[C]ourts have an obligation to consider requests for appointment with care ... remain[ing] mindful that appointment of an attorney may be essential for a plaintiff to fulfill 'the role of "a private attorney general" vindicating a policy "of the highest priority." ' ") (quoting *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980)).

At the same time, the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *See, e.g., Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172–73 (2d Cir.1989). We turn now to the four factors that a court should consider in deciding whether to appoint counsel.

A. Financial Ability to Afford Counsel

▪ A litigant need not be destitute to qualify for appointed counsel under this

section. *Jenkins,* 721 F.2d at 880; *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977). Rather, the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses. *Poindexter,* 737 F.2d at 1186; *see, e.g., Luna v. International Ass'n of Machinists & Aerospace Workers Local # 36,* 614 F.2d 529, 531 (5th Cir.1980) (appointment proper when party's retirement income and "meager assets[ ] could not allow him to support his family of six and to hire counsel for this litigation"); *Edmonds v. E.I. duPont de Nemours & Co.,* 315 F.Supp. 523, 525 (D.Kan.1970) (appointment proper when plaintiff's "income and means scarcely provided her with actual necessities"). The inquiry into a plaintiff's financial inability is less stringent than that required for the general in forma pauperis statute, 28 U.S.C. § 1915(d). *Gonzalez,* 907 F.2d at 580; *Ivey,* 673 F.2d at 269.

### B. Efforts to Secure Counsel

Although not required to "exhaust the legal directory," *Caston,* 556 F.2d at 1309, a plaintiff must demonstrate that he or she has made a "reasonably diligent effort under the circumstances to obtain counsel," *Bradshaw,* 662 F.2d at 1319. Factors to be considered include the number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiff's possible skill or lack of skill at obtaining such help. *Jenkins,* 721 F.2d at 880.

### C. Evaluation of the Merits

When examining the merits, the district court may not give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination. *Poindexter,* 737 F.2d at 1188; *Caston,* 556 F.2d at 1308. Although we recognize the EEOC's expertise in making these assessments, we agree with the majority of courts that the district court must make an independent determination of whether a discrimination claim has merit. *E.g. Hunter,* 846 F.2d at 1317; *Darden v. Illinois Bell Tel. Co.,* 797 F.2d 497, 501–02 (7th Cir.1986); *Poindexter,* 737 F.2d at 1187–88.

To be sure, the EEOC's administrative finding is a "highly probative" factor to be considered. *Caston,* 556 F.2d at 1309. *Id.; see also Jenkins,* 721 F.2d at 880. However, unless the complaint is legally insufficient for failure to state a claim, a court ordinarily should review the investigative file and allow the pro se plaintiff an opportunity to rebut the EEOC's conclusions. *See, e.g., Jones,* 626 F.2d at 577 ("Perhaps the court should conduct a brief oral examination of the plaintiff and review the EEOC record. Certainly, if the court finds that the EEOC's determination is supported by substantial evidence and that the plaintiff's objections to the determination are insubstantial, it may accord the Commission's findings weight.").[3]

### D. Ability to Present Case Without Counsel

Finally, in determining the litigant's ability to present his or her case without the aid of counsel, the court should look to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts. *Jenkins,* 721 F.2d at 880; *compare Luna,* 614 F.2d at 531 ("an industrial worker with only limited ability to speak English" was "ill-suited" to represent himself) *with Hudak,* 586 F.2d at 106 (when discovery phase already completed, former law professor who had significant control over the details of lawsuit was capable of representing herself).

### III. *Appellate Review and Remedy*

Ordinarily, a decision whether or not to appoint counsel in a Title VII action

---

**3.** On the other hand, an EEOC determination that there is probable cause to believe the complainant is a victim of discrimination creates a rebuttable presumption that the plaintiff's case has sufficient merit to satisfy this factor in the analysis of whether to appoint counsel. *Poin-* *dexter,* 737 F.2d at 1187; *Bradshaw,* 662 F.2d at 1320. The difference in treatment of the EEOC findings recognizes the difficulty that a pro se plaintiff will have in attacking, rather than upholding, an EEOC determination. *Poindexter,* 737 F.2d at 1187–88.

will be reviewed only for an abuse of discretion. *Bradshaw*, 662 F.2d at 1318; *cf. Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991) (appointment under 28 U.S.C. § 1915(d)). Such a review, however, presupposes the application of a reasoned and well-informed judgment, guided by sound legal principles.

In several Title VII cases, circuit courts have remanded when they were unable to determine from the record whether the district court's decision was based on consideration of the factors discussed above. For example, in *Slaughter v. City of Maplewood*, 731 F.2d 587 (8th Cir.1984), the district court summarily denied the plaintiff's application for appointment of counsel in a race discrimination action. The appellate court found it necessary to remand the case because it could not determine from the record whether the district court exercised a reasoned and well-informed discretion so as to permit review.

So too, in *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir.1983), a plaintiff alleging race and sex discrimination requested appointment of counsel. The judge's law clerk wrote to Jenkins stating, "Unfortunately, the Court does not order lawyers to represent indigent clients in civil cases, so we cannot grant your request." *Id.* at 878. The case was remanded because the record did not demonstrate a "reasoned application of sound prescripts," and the appellate court was unable, based on the "dearth of facts," to assess independently whether the failure to appoint counsel was an abuse of discretion. *Id.* at 880; *see also Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir.1991) (court's failure to articulate reasons and absence of evidence to support denial of counsel required remand); *Poindexter*, 737 F.2d at 1190 (remand required when court failed to express reasons for denying appointed counsel and record did not contain adequate information to evaluate factors); *Jones*, 626 F.2d at 577–78 (district court's failure to consider merits of claims is a sufficient ground for remand unless determination can be made from record); *Caston*, 556 F.2d at 1310 (record so scant that appellate court unable to conclude that district court exercised reasoned and well-informed discretion).

■■■■ Here, the district court gave no reason for its refusal to appoint counsel other than the statement that a civil litigant has no right to appointed counsel. There is no indication what considerations underlie this decision, and the record does not contain sufficient evidence from which we can make an independent determination whether it was an abuse of discretion not to appoint counsel. The cause must, therefore, be remanded. Because Ms. Castner's failure to prosecute appears to be "reasonably attributable to the lack of counsel," the order dismissing her action is vacated as well. *Johnson*, 939 F.2d at 825.

■■■■ Both Cablevision and Ms. Castner have submitted motions to supplement the record and to file amended briefs. Ms. Castner's motion to supplement the record, seeking to place in the record documents which were not before the district court, is hereby denied. Cablevision's motion to supplement the record is granted insofar as it relates to documents that were before the district court, and denied as to those documents that were not presented to the district court. Because the parties' original briefs adequately addressed the issues on appeal, we deny Ms. Castner's and Cablevision's motions to supplement or amend their briefs.

The judgment of the United States District Court for the District of Colorado is VACATED and the cause REMANDED for further proceedings consistent with this opinion.