17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emil HALIM, Plaintiff-Appellant,
v.
ACCU-LABS RESEARCH, INC., Defendant-Appellee.
 No. 93-1094.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 23, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Emil Halim, representing himself, appeals from the district court's grant of summary judgment in favor of defendant-appellee Accu-Labs Research, Inc. in this case alleging discrimination based on national origin. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Appellant is an Egyptian who was formerly employed by defendant as a chemist. He was discharged on May 9, 1990. According to appellee, appellant was fired primarily for taking an unauthorized three-week leave of absence. Appellant claims he was fired because he is an Arab.
 
 
 4
 As we read his opening brief, appellant raises four primary issues on appeal: (1) the district court improperly entered summary judgment against him; (2) the district court should have granted his motion to amend the complaint to add a claim for disability discrimination; (3) the district court inappropriately refused to appoint counsel for him; and (4) the district court judge should have disqualified himself.
 
 
 5
 We review the grant of summary judgment de novo. Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir.1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In a case alleging discrimination, the plaintiff bears the burden to prove discrimination. See Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1417 (10th Cir.1993)(citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Yet, appellant admitted in his deposition, submitted by appellee in support of its motion for summary judgment, that although he felt he had been discriminated against, he had no specific evidence of discrimination. R., Doc. 21, exh. D. Appellant submitted no specific evidence to the district court to create a genuine issue of material fact to be tried. The district court therefore did not err in granting summary judgment in favor of appellee.
 
 
 6
 We review the district court's denial of appellant's motion to amend the complaint for an abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). If a proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim, a district court is justified in denying the motion to amend. Id. Appellant sought to add a claim of disability discrimination. However, the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. 12101-12213, which extended the prohibition against discrimination on the basis of disability to employers such as appellee, did not become effective until July 26, 1992, see Act of July 26, 1990, Pub.L. No. 101-336, 108, 1990 U.S.C.C.A.N. (104 Stat.) 337 (set out as a note under 42 U.S.C.A. 12111), over two years after appellant was discharged from his job with appellee. Even if the ADA had been in effect at the time of appellant's discharge, he did not raise a disability discrimination claim in his Equal Employment Opportunity Commission (EEOC) charge. Therefore, the federal courts would have lacked jurisdiction to consider such a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e et seq. See Estate of Pitre v. Western Elec. Co., 975 F.2d 700, 706 (10th Cir.1992), cert. denied, 114 S.Ct. 459 (1993). Appellant did not allege any other legal basis upon which he could assert a claim of disability discrimination. Therefore, the proposed amendment failed to state a claim and the district court judge did not abuse his discretion in denying appellant's motion to amend.
 
 
 7
 We review the district court's refusal to appoint counsel for appellant for an abuse of discretion. Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1422-23 (10th Cir.1992). "A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." Id. at 1420. Title VII, however, gives the district court discretion to appoint counsel for such a plaintiff. Id.; 42 U.S.C.2000e-5(f)(1). In determining whether to appoint counsel, the district court should consider: "(1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case." Castner, 979 F.2d at 1420. A fourth factor--plaintiff's ability to present the case without counsel--comes into play in close cases. Id. at 1421. We note that appellant was represented by counsel until a disagreement about the handling of the case prompted appellant to discharge his attorney. In addition, the EEOC determined that appellant's evidence did not support a finding of discrimination. This fact is "highly probative." Id. at 1422. Under the circumstances of this case and based upon our review of the record on appeal, we conclude the district court did not abuse his discretion by not appointing counsel for appellant.
 
 
 8
 We review the district court's refusal to disqualify himself for an abuse of discretion. United States v. Cooley, 1 F.3d 985, 994-95 (10th Cir.1993). A district court judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455. Appellant's allegation that the district judge is personally biased against him is unsupported by any facts. E.g., Willner v. University of Kan., 848 F.2d 1023, 1028 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989). Appellant cannot base his motion for disqualification solely on the fact that the district court ruled against him. See id. Therefore, the district judge did not abuse his discretion by declining to disqualify himself in this case. See id.
 
 
 9
 Appellant's other arguments are likewise without merit and do not warrant discussion.
 
 
 10
 Appellant's motion for authorization to add documents to the record is denied. Appellant was afforded the opportunity in the district court to submit evidence in opposition to appellee's motion for summary judgment, but he failed to do so. "[T]his court 'will not reverse the grant of summary judgment ... based on evidence not before the district court.' " Allen, 8 F.3d at 1475 (quoting Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1569 (10th Cir.1992)).
 
 
 11
 Appellant's motion entitled "Motion to Ask the Court to Denay [sic] the the [sic] Appelle [sic] Motion to [sic] Include the Record Document ...", which we construe as a motion to reconsider this court's grant of appellee's motion to include documents in the record on appeal, is denied.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470