Victor VASQUEZ, Plaintiff,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT (Director), James B. King, Defendant.

Civ. A. No. 94–Z–157.

United States District Court, D. Colorado.

March 25, 1994.

---

**3.** Because of the disposition of this case, the court need not reach Mr. Strasburger's argu-    ments.

Victor Vasquez, plaintiff pro se.

No appearance for defendants.

ORDER

WEINSHIENK, District Judge.

The matters before the Court are plaintiff's Motion For Appointment Of Counsel,

filed January 20, 1994; Motion For Appointment Of Counsel, filed March 23, 1994; and Motion For Default. Plaintiff Victor Vasquez' Complaint, filed on January 18, 1994, is based largely on alleged violations of Title VII of the Civil Rights Act by defendant United States Office of Personnel Management. Plaintiff, a black Hispanic male, asserts that defendant discriminated against him because of his race and ethnicity, by giving him undeserved unsatisfactory work evaluations, denying him promotions, refusing to release the scores for tests he took to be considered for better positions, and harassing him because he filed complaints with the Equal Employment Opportunity Commission. Plaintiff has filed a previous complaint with this court, *Vasquez v. U.S. Office of Personnel Management*, 93–Z–77 (D.Colo.), which was dismissed for failure to prosecute. Plaintiff, having filed a second complaint, now requests appointed counsel to assist him.

There is no constitutional right to counsel simply because a litigant is indigent. The Sixth Amendment right to counsel exists only where the litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Serv.*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). *See also MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir.1988). Certain statutes, however, allow for appointment of counsel in civil cases under certain circumstances. For example, Title VII of the Civil Rights Act provides that the district court may, "in such circumstances as the court may deem just," appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e–5(f)(1). Since plaintiff's Complaint is based in part on Title VII, the Court is required to apply *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992), to determine whether appointed counsel is appropriate in this case.

The *Castner* criteria are: (1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; (3) the merits of plaintiff's case; and (4) plaintiff's capacity to prepare and present the case without counsel. *See Castner*, 979 F.2d at

1420–21, and the sources cited therein. The Court determines that the first, second and fourth criteria may have been met in this case. First, because plaintiff is proceeding *in forma pauperis,* he has already shown an inability to pay. Second, plaintiff states he has contacted the organizations and attorneys providing free legal services which were referred to him by the Court; while this may not be completely sufficient, it does show some diligence in looking for counsel. Finally, plaintiff is still having trouble following the Court's procedural rules, so he may not have the capacity to prepare and present the case pro se. The Court's concern in this case is the third criterion, and how it should be applied here.

No Circuit Court has offered significant guidance for a situation that falls between a patently undeserving claim, in which counsel obviously should be denied, and a clearly meritorious claim, in which counsel obviously should be appointed. *See, e.g., Poindexter v. F.B.I.,* 737 F.2d 1173, 1187 (D.C.Cir.1984). A claim must of course have enough merit to survive a motion to dismiss, but it does not need to meet the "exceptional circumstances" test used for appointment of counsel under *in forma pauperis* legislation. *See, e.g. Gonzalez v. Carlin,* 907 F.2d 573, 579 (5th Cir.1990). It appears that a claim also does not need to meet the standard for a motion for summary judgment before counsel should be appointed. *See, e.g., Darden v. Illinois Bell Telephone Co.,* 797 F.2d 497, 501 n. 3 (7th Cir.1986). While this case law is somewhat helpful, it leaves unanswered the question of exactly how meritorious a claim must be before the Court attempts to seek out appointed counsel.

Since the Court has no funds to pay for appointed counsel in a civil case such as this, any appointed counsel would serve as a volunteer. As the Tenth Circuit observed in *Castner,* the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and discourages attorneys from donating their time. 979 F.2d at 1421. An attorney who is requested to take a case pro bono should be able to anticipate a reasonable likelihood of success, either by settlement or litigation. Counsel should therefore not be appointed in cases that do not meet this standard.

Plaintiff's Complaint does contain some patently frivolous claims, including allegations that pilots from several government agencies are following him everywhere, searching his car and interfering with his mail. They apparently have stopped diving in front of his windshield, *see* Complaint at 3, a change in behavior since plaintiff's last complaint. *See Vasquez v. U.S. Office of Personnel Management,* 93–Z–77 (D.Colo.). Plaintiff does claim, though, that the "strange one still does his popping in and out, in his jet, and still sits outside all times of day and night, believe it or not, using their x-ray equipment!" Obviously claims of this type have no merit.

However, the Court cannot say as a matter of law that plaintiff has stated *no* facts that could support a claim of discrimination based on race. For example, a Memorandum of Understanding/Agreement reached between plaintiff and defendant in November, 1992, appears to support some of the factual allegations made in the Complaint. Therefore, the Court will not dismiss the Complaint as frivolous at this time. However, the Court finds that the facts as presently alleged and the documentation offered to date do not clearly present a claim with a reasonable likelihood of success, either by settlement or litigation, and therefore there is no sufficiently meritorious claim to justify appointed counsel. For example, it is unclear whether plaintiff has completely exhausted his administrative remedies, whether the claims are time barred, or whether plaintiff can actually make a prima facie case of discrimination. Accordingly, the motions for appointed counsel will be denied at this time.

As for plaintiff's Motion For Default, it appears from the file that plaintiff has not fully complied with Fed.R.Civ.P. 4(i)(1) and (2), as amended December 1, 1993. Until properly served, defendant is not required to answer, and default cannot be entered. Plaintiff is advised to read carefully Rule 4, and comply with all the subparts, including Rule 4(i)(1)(A). Therefore, it is

ORDERED that plaintiff's first Motion For Appointment Of Counsel, filed January 20, 1994, is denied. It is

FURTHER ORDERED that plaintiff's second Motion For Appointment Of Counsel, filed March 23, 1994, is denied. It is

FURTHER ORDERED that plaintiff's Motion For Default is denied.

Plaintiff is advised to make further attempts to confer with legal counsel. Plaintiff is again referred to the Legal Aid Society of Metropolitan Denver, 1905 Sherman, # 400, Denver, CO 80203 (837–1313) and the Thursday Night Bar Program, also at 1905 Sherman, # 400, CO 80203 (830–8210). Plaintiff is also advised that a listing of attorneys who have filed similar cases is available in the Clerk's Office for his review.