**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFERY PAUL PRICKETT,

Plaintiff - Appellant,

v.

AMOCO OIL COMPANY,

Defendant - Appellee.

No. 01-4151
(D.C. No. 98-CV-464-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff pro se Jeffrey Prickett appeals from the district court's grant of

summary judgment in favor of Amoco Oil Company (Amoco), his former

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employer, on his employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(5), and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We have jurisdiction under 28 U.S.C. § 1291. Because Mr. Prickett failed to present sufficient evidence to raise a genuine issue whether Amoco discriminated against him because of his alleged disability, we affirm.

## I.

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir. 1995). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). In conducting our review, "we examine the factual record and reasonable inferences therefrom in the light most favorable to [the nonmoving party]." *Id.* Once the moving party meets its "initial burden to show that there is an absence of evidence to support the nonmoving party's case," it is the nonmoving party's burden to "identify specific facts that show the existence of a genuine issue of material fact. The party opposing the motion must present sufficient evidence in

specific, factual form for a jury to return a verdict in that party's favor."
*Id.* (quotations omitted).

To prevail on his ADA discrimination claim, Mr. Prickett had to provide evidence raising genuine issues of material fact that: (1) he is a disabled person as defined by the ADA; (2) he was qualified, with or without reasonable accommodation, to perform the essential functions of the job he held; and (3) Amoco discriminated against him because of his disability. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1109 (10th Cir. 1999).

## II.

Mr. Prickett alleged that Amoco terminated him because of a disability and that it retaliated against him for reporting harassment based on his disability. The district court held that both of Mr. Prickett's claims failed in part because he could not show facts tending to prove the third element in his prima facie case: that Amoco discriminated against him because of his disability. *See* R. Vol. III, Doc. 87, at 11-19. Mr. Prickett raises three issues for appeal: (1) the district court erred in refusing to appoint counsel and compel discovery; (2) the district court was biased against disabled claimants, resulting in a miscarriage of justice; and (3) the district court erred in concluding that neither a one-week suspension with pay; nor a transfer to a new work location at the same pay, same job, and

same benefits; nor his termination for refusing to work at the new location constituted actionable adverse employment decisions.

We have reviewed the parties' submissions, the record, the relevant law, and the district court's opinion. The uncontroverted record establishes that Mr. Prickett refused to report to a new work location and that Amoco had previously accommodated his impairment and promised to continue to do so at that new location. Further, neither the transfer to the new location nor a one-week suspension with pay after an admitted refusal to comply with new work processes qualify as "significant change[s] in employment status." *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998). We have nothing further to add to the district court's thorough, well-reasoned order on the substantive merits of Mr. Prickett's ADA claims. Therefore, we affirm the district court for substantially the same reasons stated on pages 11-18 in the order dated June 21, 2001.

**III.**

We next address Mr. Prickett's other claims of error, beginning with the premise that "[a] plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). The decision whether to appoint counsel in a discrimination case is left to the broad discretion of the trial

court. *See id.* The district court's finding that counsel should not be appointed because Mr. Prickett did not appear to have a strong case is supported by the record as well as by the administrative denial of Mr. Prickett's claims by the EEOC and the Utah Department of Workforce Services. The record also supports the court's finding that Mr. Prickett had ably responded to the motion for summary judgment. *See id.* at 1420-21 (listing factors court should consider in deciding whether to appoint counsel, including whether allegations are meritorious and plaintiff's capacity to present the case without counsel). We therefore conclude that the court did not abuse its discretion in refusing to appoint counsel at that stage of litigation.

We also review discovery rulings, including the denial of a motion to compel discovery, for an abuse of discretion. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). The summary judgment materials demonstrated that Mr. Prickett could not show an actionable adverse employment decision. Mr. Prickett points to no relevant evidence that could have been obtained through additional discovery on that issue. We thus conclude that the court did not abuse its discretion in denying the motion to compel.

Finally, we address Mr. Prickett's claim that his right to a trial conducted by a fair and impartial tribunal was breached by the district court judge's bias as demonstrated by an alleged history of unfairly ruling against plaintiffs in ADA

cases.[1] *See Harline v. D.E.A.*, 148 F.3d 1199, 1204 (10th Cir. 1998) (noting the right to trial before an impartial tribunal). To state a due process claim for judicial bias, "a plaintiff must sufficiently allege facts supporting a conclusion that the risk of unfairness is intolerably high under the circumstances of the particular case." *See id.* (quotation omitted). A judge enjoys a presumption of honesty and integrity which is rebutted only by a showing of "some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated," *see id.* (quotation omitted), or that "circumstances were such that an appearance of bias created a conclusive presumption of actual bias," *Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994).

Adverse rulings at trial may provide grounds for appeal, but they do not alone show bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (interpreting federal recusal statute). Further, Mr. Prickett's speculation about the district court judge's political philosophies are insufficient to demonstrate bias. *Cf. United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (discussing denial of motion to recuse). Likewise insufficient are a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges,

---

[1] We note that, contrary to Mr. Prickett's claims, Judge Campbell has allowed ADA claims for retaliation to go to a jury. *See, e.g., Steele v. Thiokol Corp.*, 241 F.3d 1248 (10th Cir. 2001).

-6-

sometimes display." *Liteky* , 510 U.S. at 555-56. We conclude that Mr. Prickett has failed to show judicial bias.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge