FILED
United States Court of Appeals
Tenth Circuit

August 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD M. NYANJOM,

Plaintiff - Appellant,

v.

HAWKER BEECHCRAFT, INC.,

Defendant - Appellee.

No. 13-3113
D. Kansas

(D.C. No. 6:12-CV-01438-JTM-KGG)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Harold M. Nyanjom filed the instant employment discrimination suit against his former employer, Hawker Beechcraft, Inc ("Hawker"). Shortly

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thereafter, Hawker informed the district court that the United States Bankruptcy Court for the Southern District of New York had confirmed its Chapter 11 Plan of Reorganization. The Plan of Reorganization discharges all of Hawker's debts (and all claims against it) arising before February 1, 2013. Nyanjom's employment discrimination claim arose during the period covered by the discharge set out in the confirmed Plan of Reorganization.

Based on the confirmation of Hawker's Plan of Reorganization, the district court concluded Nyanjom's case had to be dismissed with prejudice. *See* 11 U.S.C. § 1141(d)(1)(A). In so concluding, the district court ruled that none of the potential exceptions to discharge identified by Nyanjom applied to this case. Upon de novo review of the propriety of the district court's order of dismissal, *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000), this court affirms for substantially those reasons set out in the district court's order dated March 29, 2013. To the extent Nyanjom properly preserved any aspect of his claim that the district court erred in refusing to appoint counsel to assist him, we conclude the district court did not abuse its discretion in so ruling. The proper resolution of this case is abundantly clear (i.e., Nyanjom's claims are subject to the discharge set out in the Plan of Reorganization) and a review of Nyanjom's filings demonstrate he was able to adequately present his case without the assistance of counsel. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (setting out factors courts should

consider in exercising discretion as to whether to appoint counsel).[1]  Finally, there is simply no merit to Nyanjom's contention—a contention unsupported by meaningful precedent—that the district court erred in dismissing his complaint before the value of his discrimination claim is liquidated in a parallel district court proceeding.  As noted by Hawker, there is nothing in the district court's order that interferes in any way with proceedings to liquidate Nyanjom's claim now occurring before United States District Court Judge Julie Robinson in the District of Kansas.

For those reasons set out above, the district court's order of dismissal is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]For those same reasons, this court **denies** Nyanjom's renewed appellate motion for appointment of counsel.