FILED
United States Court of Appeals
Tenth Circuit

November 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES LEE LISTER,

      Plaintiff - Appellant,

v.

CITY OF WICHITA, KANSAS,

      Defendant - Appellee.

No. 16-3229
(D.C. No. 6:16-CV-01038-JTM-GEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO, MATHESON,** and **BACHARACH**, Circuit Judges.

James L. Lister, proceeding pro se,[1] appeals from the district court's dismissal of

his complaint against his former employer, the City of Wichita, Kansas. Exercising

---

[*]After examining Mr. Lister's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Lister is proceeding pro se, we construe his pleadings and arguments on appeal liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On October 13, 2015, Mr. Lister filed a charge of discrimination with the Kansas Human Rights Commission, the state agency with authority to investigate employment discrimination claims brought under Title VII of the Civil Rights Act of 1964. In it, he alleged the City of Wichita violated Title VII by discriminating against him because of his race and retaliating against him for complaining about such discrimination. Mr. Lister listed the date of discrimination as September 23, 2014, the date the City fired him. Mr. Lister's charge of discrimination was dismissed as untimely because it was not filed within the 300-day statutory filing period calculated from Mr. Lister's allegedly unlawful termination.

On February 4, 2016, Mr. Lister filed a complaint in the United States District Court for the District of Kansas making largely the same allegations.[2] He also filed a motion for appointment of counsel, which the court denied because it suspected Mr. Lister's claims were time-barred.

On March 11, 2016, the City filed a motion to dismiss the complaint as time-

---

[2] In the complaint, Mr. Lister said the discrimination occurred between July 2015 and September 2015, rather than September 23, 2014, the date he listed in his charge. As the district court acknowledged, Mr. Lister must have misstated the year, as the documents attached to his complaint showed he was fired in 2014, not 2015. *See* App. at 32 (letter from the City of Wichita attached to the complaint listing the date of termination as September 22, 2014—a year before the dates listed in his complaint, and a day before the date listed in his charge).

barred because Mr. Lister had not filed his charge of discrimination within the statutory filing period.  On June 23, 2016, the court granted the motion, agreeing with the City that Mr. Lister's claims were time-barred.  The court entered judgment that same day.

On July 12, 2016, Mr. Lister filed a motion to amend or alter the court's judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  The motion included a request under Rule 15 to amend his complaint.  The document was titled:  "Memorandum in Support of Defendant's Rule 59(e) Motion to Alter or Amend the Judgment[;] Appeal to 10th Circuit Court of Appeals."  App. at 67.  As we discuss below, this document attempted to do two things:  (1) move for relief from the judgment under Rule 59, including a chance to amend his complaint, and (2) provide notice of his appeal to this court.

On July 22, 2016, the district court denied Mr. Lister's Rule 59 motion to alter or amend the judgment.  Mr. Lister did not appeal that denial.

In this appeal from the June 23, 2016 order granting the City's motion to dismiss, Mr. Lister raises several arguments that his termination by the City was unlawful.  He also argues the district court erred by determining that he had not exhausted his available administrative remedies before filing his lawsuit, not giving him "a chance to re-do [his] lawsuit," not appointing counsel, and "fail[ing] to hear [his] case."  Aplt. Br. at 2, 4.  He asks us to reverse the district court's judgment and remand for trial.

## II.  JURISDICTION

This case presents two jurisdictional questions.  First, did Mr. Lister file a

sufficient notice of appeal? Second, what is the scope of our jurisdiction?

We answer yes to the first question. A notice of appeal must specify (1) "the party or parties taking the appeal," (2) the "judgment, order, or part thereof being appealed," and (3) "the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). Courts "liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (brackets and quotations omitted). Although not perfect, Mr. Lister's notice of appeal was the "functional equivalent" of what Rule 3 requires, as it specified that (1) he was the party taking the appeal, (2) he appealed the "judgment" of the district court entered on June 23, 2016, and (3) he intended to take his appeal to the Tenth Circuit. It was therefore sufficient to give the City notice of his intent to appeal the district court's judgment to our court. His appeal was also timely filed within 30 days of the district court's judgment. *See* Fed. R. App. P. 4(a)(1)(A).

The answer to the second question is mixed. Mr. Lister's notice was sufficient to appeal the district court's June 23, 2016 judgment, which included its order dismissing his claims and its order denying his motion to appoint counsel. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1382 n.7 (10th Cir. 1994) ("[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all

earlier interlocutory orders." (quotations omitted)).  But Mr. Lister's notice of appeal was insufficient to appeal the court's July 22, 2016 order denying Mr. Lister's Rule 59(e) motion because his notice of appeal, filed in the same document as his Rule 59(e) motion on July 12, 2016, was filed before the court issued a final order on that motion.  *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 884-85 (10th Cir. 2011).  To appeal the court's ruling on his Rule 59(e) motion, Mr. Lister was required to file a second notice of appeal *after* the court issued its final order on his motion.  *See id.* at 885 (citing Fed. R. App. P. 4(a)(4)(B)(ii)).  But Mr. Lister did not file a second notice.

Thus, although we have jurisdiction to consider the district court's June 23, 2016 judgment, including both its dismissal of Mr. Lister's claims and its denial of his motion for appointed counsel, we have no jurisdiction to review the district court's July 22, 2016 order denying his Rule 59(e) motion, which included a request to amend his complaint under Rule 15.  *See Coll*, 642 F.3d at 886; *see also Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997) (exercising jurisdiction over the underlying case but not over an order disposing of a Rule 59(e) motion filed after the notice of appeal because the appellant did not amend his notice of appeal).

## III. **DISCUSSION**

As noted above, we construe Mr. Lister's brief on appeal as challenging the district court's orders (1) dismissing Mr. Lister's claims, (2) denying his motion to appoint counsel, and (3) denying his Rule 59(e) motion, which sought to amend his complaint under Rule 15.  But, as noted, we do not have jurisdiction over the third order

denying his Rule 59(e) motion, so we do not review it here.

## A.   *Dismissal Order*

### 1.   **Standard of Review**

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1236 (10th Cir. 2014).  To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2.   **Legal Standard**

To bring a lawsuit, an employee must file a charge of discrimination with the Equal Opportunity Employment Commission or appropriate state agency within a specified statutory timeframe "after the unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  That timeframe is 300 days for employees living in states, like Kansas, with agencies that have authority to investigate employment discrimination.  *Id.*; *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 n.3 (10th Cir. 2007).  The timeframe begins when the Title VII claim accrues, typically "on the date the employee is notified of an adverse employment decision by the employer."  *Proctor*, 502 F.3d at 1206 (quotations omitted).

Failure to comply with Title VII's timely filing requirement bars an employee from filing a claim in district court.  *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167

(10th Cir. 2007).

3.  **Analysis**

Mr. Lister's discrimination claims allege both that he was harassed during his employment between August 2014 and September 2014 and that he was unlawfully fired "[o]n or about September 23, 2014." App. at 16. Mr. Lister's claims accrued no later than September 23, 2014—the date of his termination—Mr. Lister had until July 20, 2015, to file his charge of discrimination to satisfy the 300-day statutory filing period. But Mr. Lister waited to file his charge until October 13, 2015—85 days past the filing period. The district court therefore did not err in dismissing Mr. Lister's claims as time-barred. *See Montes*, 497 F.3d at 1167.

### B.  *Denial of Appointment of Counsel*

1.  **Standard of Review**

A district court's decision on whether to appoint counsel in a Title VII action is ordinarily reviewed for an abuse of discretion. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1422-23 (10th Cir. 1992). "Such a review, however, presupposes the application of a reasoned and well-informed judgment, guided by sound legal principles." *Id.* at 1423.

2.  **Legal Standard**

"A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner*, 979 F.2d at 1420. Under 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the

court may deem just, the court may appoint an attorney for such complainant." "The discretion granted to the district court [under the statute] is extremely broad." *Castner*, 979 F.2d at 1420. To guide such discretion, courts look to (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and, for close cases, (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. *Id.* at 1420-21.

3. **Analysis**

Following Mr. Lister's motion to appoint counsel, the district court reviewed the four factors outlined in *Castner*, and, "[a]fter careful consideration," declined to appoint Mr. Lister counsel. App. at 47. The court found that the first two *Castner* factors—his ability to afford counsel and his diligence in searching for counsel—weighed in favor of Mr. Lister. But the court had "misgivings" about the merits of Mr. Lister's claims because the court suspected they were time-barred. *Id.* The court left open the possibility of appointing counsel at a future date if Mr. Lister's claims progressed.

As discussed above, the court's concern about the merits of Mr. Lister's claims were well-founded. The court's decision was also well-reasoned, well-informed, and guided by the principles of *Castner*. Because we cannot say the district court abused its discretion by not appointing counsel for Mr. Lister, we affirm. *Castner*, 979 F.2d at 1423.

# IV. **CONCLUSION**

We affirm the district court's judgment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge