**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3272

———————

EARLANDO SAMUEL,
Appellant

v.

DELAWARE COUNTY HOUSING AUTHORITY; LAURA BLACKBURN, Director;
DAWN WARE, Senior HCV Specialist; CHRISTINA PRO, HCV Specialist;
INGERMAN PROPERTY MANAGEMENT; RASHIDA SMITH, Property Manager;
RYANN WILLIAMS, Assistant Property Manager; NEFERTITI RIVERS, General
Property Manager; TERRI HARDIN, Assistant Property Manager; GREG WARD,
Maintenance Manager/Assistant Property Manager; CATHERINE CUENY, Admissions
Specialist, Delaware County Housing Authority

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-02451)
District Judge:  Honorable Wendy Beetlestone

———————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 28, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 30, 2024)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Earlando Samuel appeals from the District Court's dismissal of his complaint, solely arguing that the District Court abused its discretion in denying his three motions to appoint counsel. We find that the District Court did not abuse its discretion in refusing to appoint counsel, so we will affirm the District Court's judgment.

As we write primarily for the parties, who are familiar with the facts and procedural posture of this case, we recount only the facts necessary to understand whether the District Court should have appointed counsel. This case centers on Samuel's allegations that when he ported (or transferred) his Section 8 Housing Choice Voucher from New Castle County, Delaware, to Delaware County, Pennsylvania, the defendants[1] unlawfully reduced his two-bedroom voucher to a one-bedroom voucher, which deprived him of space for a live-in aide to assist him in managing his disability-related impairments. The District Court initially dismissed many of Samuel's claims without prejudice,[2] and it subsequently entered judgment for the defendants on the sole remaining claim that the Delaware County Housing Authority (DCHA) failed to reasonably accommodate his disabilities by requiring him to recertify that he needed a live-in aide. Samuel timely appealed, and both parties have submitted argument.

---

[1] The defendants are the Delaware County Housing Authority (DCHA), the property management company that managed his former apartment, and several DCHA and property management employees.

[2] Samuel raised additional claims based on allegations that the property management company harassed and retaliated against him for complaining about the reduction of his two-bedroom voucher to a one-bedroom voucher.

Samuel has preserved only one issue for our review,[3] arguing that the District Court abused its discretion in denying his three motions to appoint counsel. Samuel filed his first motion to appoint counsel shortly after he filed his initial complaint, and before any defense motions were filed. He filed the second motion on the same day that he responded to the defendants' motion to dismiss his operative amended complaint. He filed his third motion shortly after the District Court disposed of the defendants' motion to dismiss. The three motions to appoint counsel were substantively very similar; they expressed Samuel's concerns that his diagnosed disabilities caused him to experience physical and mental impairments that would "greatly limit his ability to litigate" his case without counsel,[4] and they recounted his efforts to obtain an attorney. The District Court summarily denied these motions without providing reasoning for its decisions.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's denial of a motion to appoint counsel for abuse of discretion. See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019). The Fair Housing Act (FHA) provides that courts "may"

---

[3] One paragraph of Samuel's brief mentions "retaliation," and it is not clear if it is included to support his argument that counsel should have been appointed. See C.A. No. 10 at 5. If Samuel intended to challenge the District Court's disposition of any retaliation claim that he may have raised, this issue is too vaguely briefed and therefore abandoned. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[4] Samuel specified that he has been diagnosed with "advanced stages of osteoarthritis," a "mild cognitive impairment" that includes "symptoms of mild to moderate dementia," depression, anxiety, and a panic disorder. See ECF No. 74 at 1. Samuel asserted that, as a result of these disabilities, he "forget[s] things more often," loses his train of thought, feels "overwhelmed by making decisions, planning . . . or understanding instructions," and sometimes becomes impulsive or shows poor judgment. See id.

appoint attorneys for litigants raising or defending against FHA claims. See 42 U.S.C. § 3613(b). We have not articulated a test to determine when courts should appoint counsel pursuant to § 3613(b), but we assume without deciding that the Tabron test can guide our review here.[5] The Tabron test requires the court to consider, as a threshold matter, whether the litigant seeking court-appointed counsel raises claims that have arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If that threshold is met, the court considers additional factors, including (1) the litigant's ability to present his own case, (2) the litigant's ability to retain counsel on his own, (3) the complexity of the legal issues, and (4) the extent to which the case will require factual investigation, credibility determinations, or expert witnesses. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).[6]

We assume without deciding that Samuel met Tabron's threshold requirement, meaning that at least one of his claims had arguable merit when he filed his motions to appoint counsel. Two of the four post-threshold Tabron factors favored appointing counsel: First, Samuel was unable to retain counsel on his own, despite making extensive

---

[5] The Tabron test was developed for the evaluation of motions to appoint counsel under 28 U.S.C. § 1915(e)(1), which allows litigants proceeding *in forma pauperis* to seek court-appointed counsel.

[6] Title VII's counsel-appointment provision is analogous to § 3613(b). Cf. 42 U.S.C. § 2000e-5(f)(1) (providing that courts "may" appoint counsel for litigants who raise Title VII claims). Several circuits apply tests similar to the Tabron test in evaluating motions to appoint counsel filed under § 2000e-5(f)(1). See Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (comparing circuits' tests); Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203-04 (2d Cir. 2003); Ficken v. Alvarez, 146 F.3d 978, 979-81 (D.C. Cir. 1998).

efforts to obtain nonprofit or pro bono counsel. Second, the legal issues raised are relatively complex; it could be difficult for laypersons to navigate the web of federal statutes, administrative regulations governing Section 8 housing vouchers, and the DCHA's local policies.

However, the remaining Tabron factors weighed against appointing counsel. Most importantly, Samuel was able to adequately present his case to the District Court. Samuel is a relatively experienced litigant who has filed at least five other federal civil lawsuits, at least two of which were against other local housing authorities.[7] Samuel proactively cited several of the Section 8 housing regulations in his initial complaint, before any other party or the District Court cited those regulations.

Notwithstanding the disabilities that might have impaired Samuel's ability to litigate his case, Samuel has not explained how those disabilities in fact impaired his litigation efforts, and the record does not reflect that Samuel's disabilities prevented him from adequately representing himself.[8]

---

[7] See Samuel v. Rizzo, Civ. No. 20-337-GBW, 2023 WL 2655678 (D. Del. Mar. 27, 2023) (dismissing Samuel's lawsuit against New Castle County Housing Authority); Samuel v. Wilmington Hous. Auth., No. 1:95-cv-00005-MPT (D. Del. dismissed May 23, 1997) (according to docket entries, the district court appointed counsel, the defendants did not file dispositive motions, and the matter ultimately settled).

[8] For instance, Samuel notes that he experiences forgetfulness, but the record does not reflect any instances of omitted or unauthorized late filings. Samuel's only obvious lapse occurred in his response to the defendants' motion to dismiss, where he merely stated that "the claim(s) attacked do sufficiently allege a claim for relief." See ECF No. 41. The District Court did not penalize Samuel for his inadequate response; it rigorously analyzed the motion to dismiss, rejected the defendants' unpersuasive arguments, and granted Samuel leave to further amend his complaint to cure any dismissed claims.

Additionally, discovery at the summary judgment stage was simple enough that Samuel did not need an attorney's assistance. The sole factual questions at summary judgment were whether Samuel requested that the DCHA authorize a second bedroom for a live-in aide, and what (if anything) Samuel did to certify his need for a live-in aide after the DCHA informed him in an August 2021 email to submit certain documents to support his request for a live-in aide. Samuel's filings consistently demonstrated his ability to attach email correspondence and recount conversations.

Samuel has not identified any additional factors that we should consider in evaluating whether he should have been afforded counsel, and we cannot think of any. Therefore, in balancing these factors, we find that the District Court did not abuse its discretion in denying Samuel's motions for counsel. Accordingly, we will affirm the District Court's judgment.