Frederick **GADSON,** Plaintiff, Appellant,

v.

**CONCORD HOSPITAL,** Defendant, Appellee.

No. 91–2047.

United States Court of Appeals, First Circuit.

Submitted March 30, 1992.

Decided June 9, 1992.

Frederick Gadson, on brief, pro se.

Eugene M. Van Loan III, Robert E. Murphy, Jr., Kathleen C. Peahl, and Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, N.H., on brief, for defendant, appellee.

Before BRYER, Chief Judge SELYA and CYR, Circuit Judges.

PER CURIAM.

This is an appeal in a racial discrimination case by plaintiff-appellant Frederick Gadson from a summary judgment in favor of defendant-appellee Concord Hospital. Gadson's applications for employment were rejected by Concord Hospital in 1985 and 1986. He then filed a complaint with the Equal Employment Opportunity Commission (EEOC). After an investigation, the EEOC determined that the evidence did not establish a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and informed Gadson of his right to commence an action in the district court.

Accordingly, Gadson filed the present lawsuit. He alleged that Concord Hospital had refused to hire him based upon his race and his prior work record. After discovery, the district court granted summary judgment for Concord Hospital on the ground that Gadson had failed to show that he was not hired for other than legitimate reasons.

## I. LEGAL STANDARDS

### A. *Summary Judgment*

Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The "mere existence" of some dispute over factual issues is not sufficient; the disputed facts must be "material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 248, 106 S.Ct. at 2510.

In reviewing an order granting summary judgment, we view the record in the light most favorable to the opposing party. *Villanueva v. Wellesley College,* 930 F.2d 124, 127 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). We also construe all inferences in that party's favor so long as they have a reasonable basis in the record. *Id.* The opposing party may not rely on unsupported allegations or conjecture. *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). Rather, Rule 56 requires the non-moving party to set forth "specific facts."

### B. *Title VII Discrimination Claims*

Under the familiar test set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

(1973), a plaintiff who lacks direct evidence of discrimination must establish a *prima facie* case. This requires a showing that the plaintiff belongs to a racial minority, that plaintiff applied for a job for which he or she was qualified, that plaintiff was rejected and that the position thereafter remained open and the employer continued to search for applicants with plaintiff's qualifications. *Id.* at 802, 93 S.Ct. at 1824. Meeting this burden raises an inference of unlawful discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

The burden then shifts to the employer to articulate "a legitimate, nondiscriminatory reason" for the failure to hire plaintiff. *Id.* at 254, 101 S.Ct. at 1094. This, in effect, rebuts the inference created by the *prima facie* case. *Id.* at 255, 101 S.Ct. at 1094. A plaintiff now faces a second hurdle—a demonstration that the employer's stated reason was not the real reason behind the decision not to hire plaintiff, *id.* at 256, 101 S.Ct. at 1095, but rather was a pretext for unlawful discrimination. *Villanueva*, 930 F.2d at 127–28. A plaintiff may not simply refute or question the employer's reasons. To defeat summary judgment at this stage, a plaintiff must produce evidence that the real reason for the employer's actions was discrimination. *Id.* at 128.

## II. THE EVIDENCE

■ Gadson has made out a *prima facie* case. The district court found, and Concord Hospital does not dispute, that Gadson is a person of African–American descent, that he applied for positions at Concord Hospital which did not require any special qualifications, that he was rejected and that Concord Hospital subsequently filled the positions for which Gadson had applied. Equally, there is no doubt that Concord Hospital has articulated a legitimate, nondiscriminatory reason for its decision not to hire Gadson.

The record reveals the following. Gadson first applied for a position as a dishwasher with Concord Hospital in January 1985. He was not hired on the basis that his experience did not fit the needs of the hospital. In March 1986, Gadson again submitted an application for one of four open positions. After not being hired, Gadson requested, in June and July of the same year, that he be considered for additional open positions. Again, Concord Hospital did not offer any of the positions to Gadson.

Concord Hospital advances three reasons for its employment decisions. First, the January 1985 and the March 1986 applications contained conflicting information. Specifically, Gadson supplied different dates of employment for two of his prior jobs. The hospital's second reason for rejecting Gadson rests on his history of short-term employment. The two applications reveal that Gadson never had stayed at any job for more than one year. His average length of employment was a little over three months.

Concord Hospital's third basis for its action was information it received from one of Gadson's previous employers, a nursing home. According to the letter of reference, Gadson had many absences from work, including "lots of no call/no show and lots of lateness." To substantiate its policy of seeking employees with good attendance records, Concord Hospital submitted a policy statement, dated October 1983, concerning its requirement that staff members maintain consistent attendance.

Gadson offered the following in rebuttal. He asserts that during an interview with the employment coordinator of the hospital, he gave an adequate explanation for his short terms of employment. Specifically, he told the employment coordinator that some of his prior jobs had been temporary in nature and that, in relation to the nursing home from which the hospital received the reference, the reason he had left this job was because he had been ill and had used up all of his sick time. Gadson argues that this explanation should have satisfied the hospital. Gadson concludes that on the basis of the above and his statement to the coordinator that he was, in fact,

seeking long-term employment he should have been hired.

Gadson next claims that he was "purposefully put off" when, after being refused employment in 1985, he went to the hospital and asked to see the supervisor. He avers that he first was told that the supervisor was in a meeting. When he returned later, as instructed, he was informed that she was in Boston for the day. Upon inquiring whether there was anyone else who could tell him why he had not been hired, he was told that there was no one.

Additionally, Gadson complains about an interview he received in 1986. At this time, Gadson states that he was taken on a tour of the hospital. The duties of the job were explained to him and, according to Gadson, he was led to believe he would get the job. However, the hospital did not offer him any employment.

## III. DISCUSSION

The above evidence cannot meet the summary judgment requirement that Gadson present a genuine issue as to a "material" fact. Such a fact has a bearing on the outcome of the lawsuit. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Gadson's arguments concerning Concord Hospital's rejection of him on the basis of his work record simply are not relevant, without more, to the material question of racial discrimination. Indeed, even if the hospital were wrong in its interpretation of Gadson's work record and even assuming it unfairly disregarded Gadson's explanation concerning his prior employment, this would be insufficient to show pretext or a discriminatory intent. *See Morgan v. Massachusetts Gen. Hosp.,* 901 F.2d 186, 191 (1st Cir.1990) (even if black worker could show that employer was wrong when it concluded that he had started the fight that led to his termination, such evidence is not enough to show race was the motivating factor); *cf. Menard v. First Sec. Services Corp.,* 848 F.2d 281, 287 (1st Cir.1988) (assuming employer wrongly blamed employee for clients' dissatisfaction—the stated reason for employee's termination—such

an assumption, without more, insufficient to prove pretext in age discrimination case). Gadson cannot meet his burden of proving pretext simply by questioning Concord Hospital's articulated reason. *See Dea v. Look,* 810 F.2d 12, 16 (1st Cir.1987) (in age discrimination action, plaintiff cannot survive a summary judgment motion by merely giving his version of the reasons behind the employer's decision).

■ Gadson's next attempt to demonstrate a discriminatory motive fails for the same reason. He states that statistical analysis shows that to maintain a non-discriminatory hiring policy, the hospital need hire only one or two blacks. Even if this were true, it does not bear directly on the specific decision of Concord Hospital not to hire Gadson. Without an indication of a connection between the statistics, the practices of Concord Hospital and Gadson's case, the statistics alone are inadequate to support Gadson's burden at this stage. *See Villanueva,* 930 F.2d at 131.

■ Gadson presents one last issue for review. He claims that the district erred by denying his motion for the appointment of counsel under 42 U.S.C. § 2000e–5(f)(1). We review the district court's decision for abuse of discretion. *See DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir.1991). A district court considers three factors in determining whether to appoint counsel under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability. *Darden v. Illinois Bell Telephone Co.,* 797 F.2d 497, 500–01 (7th Cir.1986); *Gonzalez v. Carlin,* 907 F.2d 573, 580 (5th Cir.1990).

■ The district court alerted Gadson to the above requirements and provided him with a chance to supplement his motion. Gadson complied by stating the reasons for his objections to the report of the EEOC and by supplying a list of attorneys he had asked to represent him. Because the district court had allowed Gadson to proceed in forma pauperis, he already had provided information concerning his financial ability.

Based on a review of the relevant filings, we cannot say that the district court abused its discretion when it refused to appoint counsel to represent Gadson. Any one of the three factors may be determinative. *Darden,* 797 F.2d at 501. Here, Gadson's claims plainly were without substance. "[I]f a discrimination claim lacks merit, counsel will not be appointed regardless of the plaintiff's diligence in seeking representation or lack of financial means." *Id.* (footnote omitted).

The judgment of the district court is *affirmed.*