[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1423

GEORGEANNA HAWKINS,

Plaintiff, Appellant,

v.

MARY HITCHCOCK MEMORIAL HOSPITAL,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Selya and Lipez, Circuit Judges,

and Singal,* District Judge.

---

Nancy S. Tierney for appellant.
Andrew C. Pickett, with whom Jeffrey S. Brody and Jackson Lewis Schnitzler & Krupman were on brief, for appellee.

---

**November 15, 2001**

---

_____
*Of the District of Maine, sitting by designation.

**SELYA, Circuit Judge.** In this case, the plaintiff, a disappointed job-seeker, charges a failure to hire based on her race (the plaintiff is an African-American woman). Finding insufficient evidence of discrimination, the district court granted summary judgment in favor of the prospective employer. See Hawkins v. Mary Hitchcock Mem. Hosp., Civ. No. 93-113, slip op. at 17 (D.N.H. Jan 30, 2001) (unpublished). The plaintiff appeals.

We often have commented that when a lower court accurately takes the measure of a case, faultlessly applies the appropriate legal standards, and propounds a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This is a paradigmatic example of such an instance. Accordingly, we uphold the judgment below for substantially the same reasons elucidated in the district court's thoughtful rescript. We add only a few comments.

**First:** The question here is not, as the plaintiff assumes, whether she might in fact have been a good prospect for employment. Rather, the question is whether the employer's reasons for rejecting her three successive applications for a housekeeping position — legitimate on their face — were pretextual (and, thus, capable of supporting an inference of discriminatory animus). See Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 6 (1st Cir. 2000); Smith v. F. W. Morse & Co., 76 F.3d 413, 421 (1st Cir. 1996). We have carefully canvassed the record and have found a dearth of evidence sufficient to create a genuine dispute as to duplicity on the employer's part. A plaintiff cannot carry her burden of showing pretext merely by questioning the defendant's stated reasons for acting in a particular way. Hoeppner v. Crotched Mt. Rehab. Ctr., 31 F.3d 9, 17 (1st Cir. 1994); Gadson v. Concord Hosp., 966 F.2d 32, 34 (1st Cir. 1992) (per curiam); see also Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (explaining that "a genuine issue of material fact does not spring into being simply because a litigant claims that one exists").

**Second:** In disparate treatment "failure to hire" cases, plaintiffs typically complain of being treated unfairly. This case is no exception. But an employer can hire one

-4-

employee instead of another for any reason, fair or unfair, without running afoul of the anti-discrimination laws so long as the employer's stated reason is not pretextual and its choice is not driven by race or some other protected characteristic. Smith, 76 F.3d at 422. Here, the employer's stated reasons — poor references, an erratic work history, and the like — are legitimate on their face, and the plaintiff's attempt to explain away those data, whether or not persuasive, does not vitiate the employer's right to rely on them. See Gadson, 966 F.2d at 35.

**Third**: The plaintiff claims that the trial court should have inferred racial discrimination from the fact that the hospital had very few African-American employees (none in the housekeeping department at the crucial time). We disagree. Without a statistical analysis indicating, inter alia, the racial composition of the applicant pool, the mere fact that a particular minority is not much in evidence in a given work force proves nothing. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 848 (1st Cir. 1993). This is especially so where, as here, the plaintiff makes no meaningful connection between the

statistics, the hospital's hiring practices, and her situation.[1]
See LeBlanc, 6 F.3d at 848; Gadson, 966 F.2d at 35.

**Fourth**: Although the plaintiff has identified a number of factual disputes (e.g., whether or not the unflattering references that the employer received were accurate), none of those disputes were material to the dispositive issues in the case. See United States v. One Parcel of Real Prop. (Great Harbor Neck, New-Shoreham, R.I.), 960 F.2d 200, 204 (1st Cir. 1992) (explaining that a factual dispute, to be material, must concern a fact that carries with it the potential to affect the outcome of the suit under applicable law). Since the only facts that genuinely have been placed in dispute lack the capacity to affect or alter the outcome of the suit, those disputed facts cannot derail the summary judgment engine. See Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 49 (1st Cir. 1997); Morris v. Gov't Dev. Bank, 27 F.3d 746, 748 (1st Cir. 1994).

We need go no further. We understand the plaintiff's frustration at being denied an opportunity to prove herself in the workplace — but the body of federal law that protects a job applicant against racial discrimination in employment does not

---

[1]Indeed, the record reveals that the plaintiff thrice completed the hospital's standard application (which was color-blind). On the first two occasions, the hospital rejected her application without an interview and, for aught that appears, without any knowledge of her race or color.

inoculate her against an employer's honest exercise of its business judgment — whether or not that judgment is mistaken. See Gadson, 966 F.2d at 34; see also Morgan v. Mass. Gen. Hosp., 901 F.2d 186, 191 (1st Cir. 1990) (explicating same principle in a termination of employment case).  Because the district court recognized that this record lacked significantly probative evidence from which an inference of pretext (and, thus, an inference of discrimination) plausibly could be drawn, Hawkins, slip op. at 17, the court did not err in granting the defendant's motion for brevis disposition.

**Affirmed**.  **See** **1st Cir. R. 27(c).**