Kathleen WEIR, Plaintiff,

v.

John E. POTTER, in his official
capacity as Postmaster General
of the U.S., Defendant.

No. CIV.A. 01–10468–NG.

United States District Court,
D. Massachusetts.

July 9, 2002.

Kathleen Weir, Plymouth, MA, Pro se.

Barbara Healy Smith, U.S. Attorney's Office, Boston, MA, for Defendant.

### ORDER ON MOTION TO APPOINT COUNSEL

DEIN, United States Magistrate Judge.

This matter came before the court on plaintiff's Motion to Appoint Counsel (Docket # 18). After consideration of the parties' pleadings, the court finds the appointment of counsel warranted and, as detailed below, the motion is ALLOWED.

### BACKGROUND

The plaintiff, Kathleen Weir ("Weir"), filed a *pro se* complaint alleging a series of discriminatory acts by her employer, the United States Postal Service ("USPS") (Docket # 4). The defendant has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) alleging lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Docket # 14). The defendant contends that this court lacks subject matter jurisdiction because the plaintiff did not file a claim with the Equal Employment Opportunity Commission ("EEOC") within the required time limits and/or that the claim filed was repetitive of a matter previously settled with the EEOC. The defendant also alleges that any claims that fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Federal Torts Claims Act, 28 U.S.C. § 2675(a), or the Freedom of Information Act, 5 U.S.C. § 552, must be dismissed for failure to state a claim or plead a *prima facie* case. In response, the plaintiff filed a motion to extend the time in which to respond to the motion to dismiss and a motion to appoint counsel (Docket # 18). On June 3, 2002 this court allowed the motion to extend pending this decision on the appointment of counsel. In an abundance of caution, the plaintiff did, however, file a response to the motion to dismiss. Consistent with the June 3, 2002 order, the response will not be considered until counsel is assigned and has the opportunity to submit supplementary papers in response to the motion to dismiss.

### STANDARD OF REVIEW

 Courts are given the authority to appoint counsel in civil cases by 28 U.S.C. § 1915(e)(1) which states that "[t]he court may request an attorney to represent any person unable to afford counsel." The decision to appoint counsel is discretionary, and there is no constitutional right to counsel in civil cases. *DesRosiers v. Moran,* 949 F.2d 15, 23–24 (1st Cir.1991) (citations omitted).

As the language of the statute indicates, financial hardship must be established in order for the court to appoint counsel. Next, the courts hold that a litigant must demonstrate "exceptional circumstances" to justify the appointment of counsel. *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir.1986). In determining whether the circumstances are "exceptional," courts have considered such factors as the merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent herself. *Id.* at 3. *See also DesRosiers v. Moran,* 949 F.2d at 24 ("To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.").

 Title VII complaints are subject to a separate set of guidelines for appoint-

ment of counsel stemming from the language of 42 U.S.C. § 2000e–5(f)(1) which states: "in such circumstances as the court may deem just, the court may appoint an attorney . . . ." Under this statute, courts must consider "(1) the merits of the plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability." *Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992) (citations omitted). In considering these factors any one may be determinative. *Id.* at 36.

### ANALYSIS

The plaintiff's complaint consists of a laundry list of wrongs committed against her by the USPS. Generally, she does not identify what causes of action these wrongs support. She alleges, among other things, that the USPS: agreed to accommodate her disability but never honored the agreement, refused to send files requested under the Freedom of Information Act, falsified records and documents, failed to comply with her 1993 EEOC settlement agreement by interfering with Department of Labor ("DOL") claims, invaded her privacy, and subjected her to a hostile work environment. As the plaintiff's complaint appears to allege a variety of claims, the motion to appoint counsel is therefore analyzed under the general standard articulated in *Cookish v. Cunningham* and *DesRosiers v. Moran*, and the Title VII specific standard.

### General Appointment of Counsel Standard

■ The plaintiff submitted an application to proceed without prepayment of fees (*in forma pauperis*) (Docket #1) which was allowed by the court (Docket #3). To proceed *in forma pauperis* requires a greater showing of financial hardship than appointment of counsel. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th

Cir.1982). Therefore, by proceeding *in forma pauperis* plaintiff sufficiently has shown an inability to afford counsel.

### Merits

■ The merits of plaintiff's complaint are viewed by this court with greater generosity because as a *pro se* litigant she may have had difficulty fully developing her allegations. *See Casanova v. Dubois*, 289 F.3d 142, 146 (1st Cir.2002). *See also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2nd Cir.1997) ("In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel.") (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir.1989)). Here, if plaintiff's allegations that the defendant falsified records and documents, interfered with DOL claims, and gave letters of warning for no reason, among others, are true they may be sufficient to show a pattern of discriminatory treatment by the USPS. Plaintiff's greatest barrier to pursuing her claims may be her compliance with administrative procedures, but without knowing what causes of action are at issue the court cannot determine whether any of plaintiff's claims will be procedurally barred. At this stage, due to a lack of structure in plaintiff's complaint, it is difficult to judge the merits of her claims. The assistance of counsel may provide needed clarification and refinement of plaintiff's claims as to allow the court to fairly decide the pending motion to dismiss. *See Hendricks v. Coughlin*, 114 F.3d at 392 (assistance of lawyer may be vital in order to respond to dispositive motions).

### Factual Inquiry and Self-Representation

The plaintiff contends that she has had difficulty conducting a factual inquiry be-

cause the defendant allegedly has falsified records and documents, and has refused to release files. Under these circumstances, the plaintiff believes that she is unable to get the information needed to substantiate her claims. This fact, coupled with the lack of clarity in plaintiff's pleadings and plaintiff's unfamiliarity with the legal system (*see* Motion to Appoint Counsel), creates a substantial uncertainty as to the plaintiff's ability to adequately present arguments suitable for adjudication by the court.

### Complexity of Legal and Factual Issues

The facts at issue here may at first glance appear relatively straightforward for they are simply a list of allegedly discriminatory acts by the USPS. However, beneath the surface a greater complexity arises as "[e]mployment discrimination is complex, invidious and often disguised." *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith*, 995 F.Supp. 190, 197 (D.Mass.1998). At this point, it is unclear what legal issues will be implicated. At the very least, Title VII will be at issue. The intricacies of Title VII may pose a challenge to a *pro se* litigant who is unfamiliar with its specialized framework.

As the court held in *Hendricks v. Coughlin*, in language applicable to the instant case:

> [I]n some situations a pro se litigant may face substantial problems in the very development of the factual record that is needed for resolution of a case that poses complex issues. And in such situations the court itself may unfortunately be thrust into the uncomfortable role of a quasi-advocate before it can decide a dispositive motion, being required to exercise its powers (as best it can from the outside of a lawsuit looking in) to pursue matters for which it has neither the resources nor the responsi-

bility under our adversarial system. In that type of circumstance the appointment of counsel serves the interests of the court as well as the pro se litigant— and often it actually also serves the best interests of the opposing parties, whose lawyers are then called on to deal with a fellow lawyer accustomed to the procedures, language and concepts of the law rather than with a sometimes inarticulate lay litigant who is unable to pursue the litigation in an orderly way.

114 F.3d at 393. For these reasons, counsel is appropriately appointed in this case.

### Title VII Appointment of Counsel Standard

■ For Title VII claims, in addition to looking at the merits of the case and the plaintiff's financial ability, an inquiry into plaintiff's efforts to retain counsel is also made. Plaintiff has been diligent in her efforts to retain counsel. She has submitted evidence that she called numerous local law clinics and many attorneys without success. Plaintiff has shown that she will not be able to retain counsel without the court's assistance.

### CONCLUSION

Based on the foregoing reasons, the plaintiff's motion for appointment of counsel is ALLOWED.