**Joanne McNEIL, Plaintiff**

v.

**SECRETARY OF THE NAVY, Defendant**

**No. CIV. 03–93–PH.**

United States District Court, D. Maine.

Nov. 19, 2003.

Joanne McNeil, Rochester, NH, Pro se.

David R. Collins, Office Of The U.S. Attorney, Portland, for Secretary of the United States Navy, Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HORNBY, District Judge.

The *pro se* plaintiff, Joanne McNeil, has filed a lawsuit against her former employer, the Portsmouth Naval Shipyard ("the Navy"), alleging that she was sexually harassed by a co-worker and subjected to a hostile work environment in violation of Title VII. The Navy has moved for summary judgment, arguing that it is not liable for the co-worker's alleged harassment because it took appropriate remedial measures after McNeil complained. McNeil may have been sexually harassed by a co-worker, but the facts do not support imposing *respondeat superior* liability on the Shipyard. Therefore, I GRANT the Navy's motion for summary judgment.

### MOTION FOR SUMMARY JUDGMENT

■ In this case, the Navy submitted a statement of material facts supported by record citations. McNeil did not respond to the Navy's motion and did not submit an opposing statement of facts. As a result, the facts stated by the Navy are deemed admitted. *See* D. Me. Loc. R. 56(e).

■ McNeil alleges that she was inappropriately grabbed and fondled by a co-worker, Robert Duke, on two separate occasions. Compl. ¶ 15 (Docket Item 1). The first incident took place in 1986 at a union meeting being held at a restaurant. According to McNeil, Duke put his hand up her shirt and tried to kiss and touch her both at the restaurant and while she was giving him a ride home. Def.'s Statement of Material Facts ("SMF") ¶¶ 5–11 (Docket Item 14). McNeil did not report this incident to her employer. *Id.* ¶ 12. The second episode occurred on September 3, 1994, at work and during work hours. *Id.* ¶¶ 18–21. According to McNeil, Duke grabbed her and tried to put his hand down her shirt. *Id.* ¶ 20. After the second incident, McNeil filed an EEO complaint, which prompted an independent management inquiry into the incident. *Id.* ¶¶ 35, 37. The management investigation report cited conflicting stories about the incident, but recommended some action be taken against Duke. *Id.* ¶ 38. The Navy responded by admonishing Duke about his behavior and arranging for him to attend a special harassment training session. *Id.* At all times, the Navy had a sexual harassment policy in place. *Id.* ¶ 4.

■ In cases of sexual harassment caused by co-workers, the employer is liable if it "knew or should have known of the charged sexual harassment and failed to implement prompt and corrective action." *White v. New Hampshire Dep't of Corrections*, 221 F.3d 254, 261 (1st Cir.2000). The undisputed facts show that the Navy was not aware of the 1986 incident of harassment[1] and took appropriate corrective action after learning of the September, 1994, incident.

No one should have to endure what McNeil says she experienced while working at the Shipyard. McNeil's grievance is with Duke, however, not the Navy. The Navy's motion for summary judgment is GRANTED.[2]

---

1. The first incident also took place after work and off the Shipyard's premises and so does not appear to be work-related.

2. In its motion for summary judgment, the Navy asks for judgment on McNeil's "retaliation claim." In her complaint, McNeil says that, after she filed the EEO complaint, none of her co-workers would talk to her; "the retaliation was unbearable." Compl. ¶ 18.

She alleges that she resigned her position with the Shipyard due to this "hostile environment." *Id.* McNeil appears to be advancing a retaliatory constructive discharge claim in her complaint. The undisputed facts show, however, that McNeil was actually, not constructively, discharged from the Shipyard. Def.'s SMF ¶ 32. Moreover, McNeil was terminated because she had problems with at-

### McNeil's Request for an Attorney

I recognize that the foregoing ruling results from accepting the Navy's version of the facts because McNeil failed to respond to the summary judgment motion. I also recognize that McNeil has no lawyer. I therefore revisit the Magistrate Judge's denial of McNeil's motion for appointment of counsel of September 10, 2003. (Docket Items 9, 11).

42 U.S.C. § 2000e–5(f)(1) provides that the court may appoint an attorney for a Title VII plaintiff "in such circumstances as the court may deem just." The First Circuit has said that there are three relevant factors in a Title VII appointment case: "(1) the merits of the plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability." *Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir.1992). "Any one of the three factors may be determinative." *Id.* at 36.

In her motion for appointment of counsel, McNeil stated that she continued to seek private counsel. Pl.'s Motion at ¶ 3. And, according to the financial affidavit that McNeil filed with her motion, she is currently unemployed and so probably does not have the ability to pay. *Id.* attach. # 2. But in this case, the first factor is determinative.

In her complaint, McNeil acknowledged that the Shipyard had a Sexual Harassment policy in place. Compl. at 2. She also said that she did not bring the 1986 incident to the attention of her supervisor. *Id.* ¶ 15. Thus, her claim that the Navy should be held responsible for the first incident was without merit. McNeil did complain about the September, 1994, incident. *Id.* But since she left her position with the Shipyard nine days after initiating her sexual harassment complaint, *id.*

¶¶ 16–18, she had little basis for her assertion that "[t]here was no evidence of disciplinary action taken" against her co-worker. Compl. ¶ 17. The Magistrate Judge was entitled to conclude that the case for imposing *respondeat superior* liability on the Shipyard was very weak, and properly denied McNeil's request for an attorney.

### Conclusion

The undisputed facts show that the Navy had a sexual harassment policy in place. The Navy could not have known about the 1986 incident of sexual harassment and it took action regarding McNeil's September, 1994, complaint. McNeil may have suffered sexual harassment at the hands of a co-worker, but there is simply no ground for imposing *respondeat superior* liability on the Navy. Accordingly, I **Grant** the Navy's motion for summary judgment

**So Ordered.**

---

tendance and tardiness, not because she filed a complaint about sexual harassment. *Id.* To the extent that the complaint can be read to

allege retaliation, the Navy is entitled to summary judgment on that claim as well.